**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The State of Arizona, | No. CR-21-00580-001-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Thomas J. Lallande, IV, | |
| Defendant. | |

Thomas J. Lallande, IV, has attempted to remove his state criminal case to this Court. (Doc 1.) The Court will remand the case.

### I.   BACKGROUND

On April 29, 2021, Defendant was charged in Maricopa County Superior Court with four sperate drug-related felonies: namely, the sale or transportation of dangerous drugs, narcotics, and marijuana, as well as possession of drug paraphernalia. (Doc 1.) After being indicted but before trial, Mr. Lallande attempted to remove his case to federal court under 28 U.S.C. § 1443, claiming various violations of federal law. (*Id.*)

### II.   LEGAL STANDARD

"Generally, a federal court should abstain from interfering with ongoing state criminal proceedings." *Prafada v. Arizona*, No. CR-18-00357-PHX-DGC, 2018 WL 10357125, at *1 (D. Ariz. Mar. 23, 2018) (quoting *Gedo v. Idaho*, No. CV 09-00166-E-BLW, 2009 WL 2848850, at *1 (D. Idaho Aug. 28, 2009)) (internal quotation marks removed)). But, pursuant to 28 U.S.C. § 1446, a federal court must examine a defendant's

notice of removal "to determine whether removal is appropriate, and the court has the authority to remand a case, *sua sponte*, for lack of subject matter jurisdiction." *Id*. (quoting *Gedo*, 2009 WL 2848850, at *1). "A state prosecution may be removed to federal court under [28 U.S.C.] § 1443 only in narrow circumstances." *Id.*

### III.   DISCUSSION

First, § 1443(1) authorizes removal where the criminal defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." Typically, this "requires a state law or constitutional provision that denies the defendant an opportunity to raise a federal right." *Hollander v. S.F. Cnty. Super. Ct.*, No. C 09-519 SI (pr), 2009 WL 975428, at *1 (N.D. Cal. Apr. 9, 2009) (citing *Johnson v. Mississippi*, 421 U.S. 213, 220 (1975)). Moreover, § 1443(1) is strictly construed against removal because "it is considered an encroachment on state court jurisdiction." *Johnson v. Washington*, No. C07-0696-MJP, 2007 WL 2377141, at *1 (W.D. Wash. Aug. 15, 2007). Here, Mr. Lallande alleges certain violations of federal law, but he has not identified any state law or constitutional provision that denies him the opportunity to raise a federal right in state court, nor has he shown that he will be unable to enforce a federal right in state court. *See Prafada*, 2018 WL 10357125, at *1. Thus, removal is inappropriate under this provision.

Second, § 1443(2) authorizes removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." The Supreme Court has long construed this provision as conferring "a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Gedo*, 2009 WL 2848850, at *1 (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). Thus, this provision is plainly inapplicable to Mr. Lallende, who is neither a federal officer, nor agent.

The Court, therefore, concludes that Mr. Lallande's criminal case must be remanded.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that all pending motions are denied, and the Clerk shall remand this case to Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that the Clerk shall terminate this case.

Dated this 23rd day of September, 2021.

Honorable Susan M. Brnovich
United States District Judge